UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-61804-Civ-COOKE/TURNOFF

TORRENCE WINDELL ALLEN,

    Plaintiff,

v.

TENNILLE GOODEN, et al.,

    Defendants.
_____/

**OMNIBUS ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

THIS CASE is before me on Defendant Florida Department of Highway Safety and Motor Vehicles' Motion to Dismiss (ECF No. 12) and Defendant Tennille Gooden's Motion to Dismiss (ECF No. 15). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, Defendant Florida Department of Highway Safety and Motor Vehicles' Motion to Dismiss is granted and Defendant Tennille Gooden's Motion to Dismiss is granted in part and denied in part.

**I. BACKGROUND**

The following facts are taken from the Plaintiff's Complaint. On July 29, 2011, Plaintiff, Torrence Windell Allen, waited in line at the Department of Motor Vehicles office located at 1931 N.W. 9th Avenue, Fort Lauderdale, Florida 33313, to pay for several commercial driver's license exams. According to Plaintiff, the cashier, Defendant Tennille Gooden, allowed another customer to skip him in line because he did not have his money out when it was his turn. Plaintiff alleges that he questioned this action, and Gooden "got loud and biligerent [*sic*]." (Compl. at 2,

ECF No. 1).  Plaintiff further alleges that Gooden falsely accused him of threatening to kill her and reaching over the cashier counter to try to slap her with the money in his hand.  Gooden repeated these accusations to her supervisor and to Defendant, Trooper E.L. Paige, Jr., of the Florida Highway Patrol.

Trooper Paige detained Plaintiff based on Gooden's accusations, and told Plaintiff that he would be charged with making a threat to a public official.  Plaintiff told Trooper Paige that Gooden "was lying and there was [sic] no corroborating witnesses to support her accusations and videotape evidence would vindicate [him]." (Compl. at 2).  Trooper Paige detained Plaintiff until an officer of the Fort Lauderdale Police Department arrived on the scene for assistance.  After questioning both Plaintiff and Gooden, the officer determined that the entire incident was a miscommunication between the two.  At approximately 5:00 p.m., the officer advised Plaintiff that he was free to go and that no charges would be filed against him.

On August 12, 2011, Plaintiff filed a pro se action pursuant to 42 U.S.C. § 1983 against Gooden, Trooper Paige, and the Florida Department of Highway Safety and Motor Vehicles (the "Department").  Plaintiff alleges that Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights.  The Complaint seeks the "videotape evidence" of the incident from the Department of Motor Vehicles office, as well as $5,000,000.00 in damages. (Compl. at 8).  The Department and Gooden separately moved to dismiss the Complaint.

## II.  LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A complaint is subject to dismissal under Rule 12(b)(6) "when the allegations—on their face— show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs, Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

### III. ANALYSIS

The Department argues that it is immune from this action for monetary damages pursuant to the Eleventh Amendment. Gooden argues that Plaintiff's Complaint fails to allege sufficient facts to state a claim against her. Both the Department and Gooden argue that Plaintiff is not

entitled to injunctive relief for production of the video surveillance tape. I will address each of these arguments in turn.

**A. Eleventh Amendment Immunity**

The Department correctly argues that it is entitled to Eleventh Amendment immunity. Despite Florida's limited waiver of immunity, "§ 1983 actions brought against the State of Florida, its agencies, subdivisions, or officers are barred by the Eleventh Amendment." *Majette v. Butterworth*, 699 F. Supp. 882, 884 (S.D. Fla. 1988) (citing *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1520 (11th Cir. 1986)); *see also Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990) (noting that although the State of Florida has waived Eleventh Amendment immunity in certain tort actions in its own state courts under Fla. Stat. § 768.28, this waiver has not been construed as a waiver of immunity from suit in federal court). The Department is an agency of the State of Florida and is therefore protected by Eleventh Amendment immunity. *See Brown v. Fla. Dep't of Highway Safety & Motor Vehicles*, No. 09-171, 2010 WL 1383953, at *5-6 (N.D. Fla. Mar. 19, 2010); *Alston v. Fla. Dep't of Law Enforcement*, No. 07-791, 2008 WL 717820, at *3-4 (M.D. Fla. Mar. 17, 2008). Therefore, the claims for damages against the Department must be dismissed with prejudice.

**B. Cause of Action Against Gooden**

Gooden asserts that Plaintiff fails to state a claim against her because the Complaint does not sufficiently allege that she caused Plaintiff's harm. Gooden argues that, even if Plaintiff was unlawfully detained, she is entitled to dismissal because she did not directly procure the detention. Gooden further claims that, even if there was a possible causal link between her accusations and Plaintiff's detention, the causal chain was broken by intervening conduct—Trooper Paige's

decision to detain Plaintiff.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). "Suits brought under § 1983 require an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *McCurry v. Moore*, 242 F. Supp. 2d 1167, 1176 (N.D. Fla. 2002) (citing *Williams v. Bennett,* 689 F.2d 1370, 1380-81 (11th Cir. 1982)).

Gooden does not dispute that she acted under color of state law. The only issue before me is whether Plaintiff sufficiently alleged a causal connection between Gooden's actions and Plaintiff's injury.

Plaintiff alleges that Defendants' actions deprived him of his freedom of movement, which amounts to false imprisonment or an illegal seizure under the Fourth Amendment. (Compl. at 1). The Complaint alleges that Gooden is liable because she made false statements to the police. *Id.* Gooden argues that one "who merely provides information to law enforcement cannot be held liable for false imprisonment." (Gooden Mot. to Dismiss 3). In support of this proposition, Gooden quotes *Pokorny v. First Fed. Sav. & Loan Ass'n of Largo*, which states: "If the private citizen makes an honest, good faith mistake in reporting an incident, the mere fact that his communication to an officer may have caused the victim's arrest does not make him liable when he did not in fact request detention." 382 So. 2d 678, 682 (Fla. 1980).

Plaintiff, however, does not allege that Gooden made an honest, good faith mistake. Quite to the contrary, Plaintiff alleges that Gooden intentionally lied to the police. (Compl. at 2, 3).

5

Additionally, Plaintiff alleges that Gooden made false accusations against him "in order to have [him] illegally detained." *Id.* at 3. Under Florida law, a person may be civilly liable for false imprisonment by direct participation or by "indirect procurement." *Spears v. Albertson's, Inc.*, 848 So. 2d 1176, 1178 (Fla Dist. Ct. App. 2003) (citing *Johnson v. Weiner*, 19 So. 2d 699, 701 (Fla. 1944)). Taken as true, Plaintiff's allegations sufficiently support his claim that Gooden knowingly lied to the police to instigate his arrest and proximately caused his detention by indirect procurement. *Cf. Moton v. Navarro Grp. Ltd.*, 882 So. 2d 1105, 1106 (Fla. Dist. Ct. App. 2004). Plaintiff therefore adequately states a § 1983 claim against Gooden.

**C. The Video Surveillance Tape**

The Department and Gooden, assuming Plaintiff's request for video surveillance tapes constitutes a claim for injunctive relief, argue that the claim should be dismissed because the relief sought will not redress Plaintiff's alleged injury, i.e., a violation of his constitutional rights. Plaintiff's request for the video surveillance tape is more readily read as a premature discovery request, rather than a request for injunctive relief. It appears Plaintiff seeks the tape to prove his case against the Defendants. Plaintiff may obtain the tape through discovery or pursuant to Florida's Public Records Act.

To the extent Plaintiff seeks injunctive relief, I agree that such remedy is inappropriate in this case. Every cause of action in federal court must meet the element of redressability—"a likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). A plaintiff who fails to meet the element of redressabilty lacks standing to sue in federal court. *Id.* at 2-3. Unlike the damages Plaintiff seeks, there is no likelihood that (and Plaintiff has pled no facts suggesting how) ordering the Defendants to turn

over a videotape of the incident would remedy Plaintiff's alleged injury. Plaintiff's request for the videotape surveillance is dismissed.

## IV. CONCLUSION

For the reasons explained in this Order, Defendant Florida Department of Highway Safety and Motor Vehicles' Motion to Dismiss (ECF No. 12) is **GRANTED** and Defendant Tennille Gooden's Motion to Dismiss (ECF No. 15) is **GRANTED in part and DENIED in part**. Plaintiff's claims against the Department are **DISMISSED** *with prejudice*. Any claims for injunctive relief with respect to the video surveillance tape are **DISMISSED** *with prejudice*. Plaintiff's claims for damages against Gooden remain.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of March 2012.

_____
MARCIA G. COOKE
United States District Judge