**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 11-61804-Civ-COOKE/TURNOFF**

TORRENCE WINDELL ALLEN,

      Plaintiff,

v.

TENNILLE GOODEN, et al.,

      Defendants.

_____/

## ORDER GRANTING TROOPER PAIGE'S MOTION TO DISMISS

THIS CASE is before me upon Defendant Trooper E. L. Paige, Jr.'s Motion to Dismiss Plaintiff's Complaint. (ECF No. 32). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Motion is granted.

### I. BACKGROUND

The following facts are taken from the Plaintiff's Complaint. On July 29, 2011, Plaintiff, Torrence Windell Allen, waited in line at the Department of Motor Vehicles office located at 1931 N.W. 9th Avenue, Fort Lauderdale, Florida 33313, to pay for several commercial driver's license exams. According to Plaintiff, the cashier, Tennille Gooden, allowed another customer to skip him in line because he did not have his money out when it was his turn. Plaintiff alleges that he questioned this action, and Gooden "got loud and biligerent [*sic*]." (Compl. at 2). Plaintiff further alleges that Gooden falsely accused him of threatening to kill her and reaching over the cashier counter to try to slap

her with the money in his hand.  Gooden repeated these accusations to her supervisor and to Defendant, Trooper E.L. Paige, Jr. ("Trooper Paige"), of the Florida Highway Patrol.

Trooper Paige detained Plaintiff based on Gooden's statement, and told Plaintiff that he would be charged with making a threat to a public official.  Plaintiff told Trooper Paige that Gooden "was lying and there was [*sic*] no corroborating witnesses to support her accusations and videotape evidence would vindicate [him]."  (Compl. at 2).  Trooper Paige detained Plaintiff until a Fort Lauderdale Police Department officer arrived on the scene for assistance.  After questioning both Plaintiff and Gooden, the officer determined that the entire incident was a miscommunication between the two.  At approximately 5:00 p.m., the officer advised Plaintiff that he was free to go and that no charges would be filed against him.

On August 12, 2011, Plaintiff filed a pro se action pursuant to 42 U.S.C. § 1983 against Gooden, Trooper Paige, and the Florida Department of Highway Safety and Motor Vehicles (the "Department").  Plaintiff alleges that Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights.  The Complaint seeks the "videotape evidence" of the incident from the Department's office, as well as $5,000,000.00 in damages. (Compl. at 8).  On April 2, 2012, this Court dismissed the Complaint against the Department, but not against Gooden.  (ECF No. 39).

## II. LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). "Qualified immunity from suit is intended to allow government officials to carry out their

discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law. " *Brown v. City of Huntsville, Ala*., 608 F.3d 724, 733 (11th Cir. 2010) (internal quotation marks omitted).  When a defendant asserts the affirmative defense of qualified immunity, "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id*. (internal quotation marks omitted).  "Absent such allegations, it is appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage." *Id*. (internal quotation marks omitted).

"The existence of probable cause at the time of arrest constitutes an absolute bar to a 42 U.S.C. § 1983 claim for false arrest." *Whittington v. Town of Surfside*, 490 F. Supp. 2d 1239, 1249 (S.D. Fla. 2007).  "Probable cause to arrest exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir. 1990) (quoting *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949)) (internal quotation marks omitted).  "Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information, and probable cause must be judged not with clinical detachment but with a common sense view to the realities of normal life." *Id*. (internal quotation marks and citations omitted).

"[I]n the context of qualified immunity analysis, the issue is not whether actual probable cause existed but instead whether there was 'arguable probable cause' for the

3

plaintiff's arrest." *Whittington*, 490 F. Supp. 2d at 1250; *Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir. 1999) (citing *Davis v. Williams*, 451 F.3d 759, 762-63 (11th Cir. 2006)). In applying this analysis, a court takes "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Delgado v. Miami-Dade Cnty.*, 456 F. Supp. 2d 1234, 1237 (S.D. Fla. 2006) (quoting *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)). Arguable probable cause exists when reasonable officers in the same circumstances and possessing the same knowledge as the arresting officer could have believed that probable cause existed to arrest. *See Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002).

### III. ANALYSIS

Trooper Paige asserts that the doctrine of qualified immunity shields him from liability. Trooper Paige was acting within the scope of his discretionary function because making an arrest is a discretionary function. *Brown*, 608 F.3d at 741. I must therefore consider whether Trooper Paige had arguable probable cause to detain Plaintiff.

The facts in Plaintiff's Complaint, on their face, establish that qualified immunity applies. Plaintiff states that Gooden told Trooper Paige that Plaintiff threatened to kill her and reached over the cashier counter to try to slap her with the money in his hand. Threatening to harm a public servant is a crime in the State of Florida. Fla. Stat. § 838.021. Based on Gooden's statement, Trooper Paige had, at a minimum, arguable probable cause that Plaintiff committed a crime. *See Brown*, 608 F.3d at 735-36. The facts in Plaintiff's Complaint indicate that Trooper Paige then briefly detained Plaintiff while he determined what happened.

Plaintiff's argument that Trooper Paige was required to obtain corroborating witnesses to support Gooden's accusations before detaining him is unavailing. Generally, an officer may rely on a victim's statement to support probable cause. *See Rankin v. Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998); *Jeter v. Duren*, No. 11-135/RS/CJK, 2012 WL 1079877, at \*7 (N.D. Fla. Feb. 23, 2012). Further, Plaintiff's Complaint does not contain any facts to indicate that Trooper Paige's reliance on Gooden's statement was unreasonable under the circumstances before him at the time of Plaintiff's detention. *See Barr v. Gee*, 437 F. App'x 865, 877-78 (11th Cir. 2011); *Jeter*, 2012 WL 1079877, at \*7.

Because probable cause for Plaintiff's detention appears in the face of his Complaint, Trooper Paige is entitled to qualified immunity. *See Cottone*, 326 F.3d at 1357; *Barr*, F. App'x at 877. Plaintiff's false arrest claim against him must therefore be dismissed.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Defendant Trooper Paige's Motion to Dismiss Plaintiff's Complaint (ECF No. 32) is **GRANTED**. Plaintiff's false arrest claim against Defendant Trooper Page is **DISMISSED** *with prejudice*.

**DONE and ORDERED** in chambers at Miami, Florida, this 22nd day of June 2012.

MARCIA G. COOKE
United States District Judge

Copies to:
*William C. Turnoff, U.S. Magistrate Judge*

*Attorneys of record*
*Torrence Windell Allen, pro se*